[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15944

_____

D.C. Docket No. 1:16-cv-21211-KMM

SARAH ALHASSID,

Plaintiff-Appellant,

versus

NATIONSTAR MORTGAGE, LLC,
d.b.a. Champion Mortgage,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(May 23, 2017)

Before HULL, MARCUS and CLEVENGER,* Circuit Judges.

PER CURIAM:

Sarah Alhassid appeals the dismissal of her complaint against Nationstar

Mortgage, LLC ("Nationstar"), in which she alleged that Nationstar violated the

_____

* Honorable Raymond C. Clevenger, United States Circuit Judge for the Federal Circuit,
sitting by designation.

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9) ("FCCPA"), by sending her threatening, false letters regarding the flood insurance requirement in her mortgage contract.  In its dismissal of the complaint, the district court determined that the letters did not constitute "debt collection" for purposes of the FDCPA or FCCPA.  In so holding, the district court reasoned that the letters were not sent to induce payment because they did not reference a debt, demand payment, discuss a balance due on the underlying mortgage, or discuss ways to settle that balance.  The court also found that the letters were sent in order to comply with a federal regulation and only warned of the consequence of not meeting the flood insurance requirement.

On appeal, Alhassid argues that the district court failed to accept as true all allegations in the complaint and incorrectly determined that the letters were not related to a debt collection.  She also claims that the court erred by dismissing the complaint with prejudice without first giving her an opportunity to amend the complaint, and by converting Nationstar's motion to dismiss to a motion for summary judgment without notifying the parties.  After careful review of the briefs and record, and after hearing oral argument on the case, we can discern no reversible error on the part of the district court.  Accordingly, we affirm.

**AFFIRMED.**